UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
J&J SPORTS PRODUCTIONS, INC.     :
                                                                   :
                      Plaintiff,     :
                                                                    :         **MEMORANDUM & ORDER**
                           -against-                        :         17-cv-2620 (DLI) (RER)
                                                                    :
88-18 TROPICAL RESTAURANT CORP. d/b/a     :
TROPICAL RESTAURANT and
JAIME ANTONIO PESANTEZ,                  :
                                                                    :
                      Defendants.    :
------------------------------------------------------------x

**DORA L. IRIZARRY, Chief United States District Judge:**

        Plaintiff J&J Sports Productions, Inc. ("Plaintiff") brings this action against 88-18 Tropical Restaurant Corp. d/b/a Tropical Restaurant and its purported principal Jaime Antonio Pesantez ("Pesantez") (collectively, "Named Defendants") pursuant to the Federal Communications Act of 1934 ("FCA"), as amended, 47 U.S.C. §§ 553 & 605. Plaintiff alleges that Defendants unlawfully received and exhibited a closed-circuit telecast of a pay-per-view boxing match in violation of Plaintiff's exclusive license.

        The instant motion to dismiss argues that Plaintiff's complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Although the motion to dismiss makes substantive arguments on behalf of both Pesantez and a "Tropical Restaurant Bar" ("Answering Defendants") located at the address where service of process was effected, it seeks dismissal on the grounds that the captioned "Tropical Restaurant" is a nonexistent corporate entity and was incorrectly named in Plaintiff's complaint. *See* Mem. of Law in Supp. of Mot. to Dismiss ("Defs.' Br."), Dkt. Entry No. 6-1. Answering Defendants further argue that Plaintiff fails to plead sufficiently a basis for individual liability as to defendant Pesantez. *Id.* Plaintiff responded that the Complaint stated a

cause of action, and in the alternative, that they should be given leave to amend ("Reply", Dkt. Entry No. 10).

For the reasons set forth below, Answering Defendants' Motion to Dismiss is denied as to 88-18 Tropical Restaurant Corp. and Plaintiff is granted leave to amend the complaint to name the correct entity. However, Answering Defendant's motion to dismiss individual liability as to defendant Pesantez is granted.

## **BACKGROUND**[1]

Plaintiff entered into an exclusive agreement with Golden Boys Promotions LLC to exhibit the May 3, 2014 Welterweight Championship Boxing Match between Floyd Mayweather and Marcos Maidana (the "Event"), at closed-circuit locations throughout New York and nationwide. *See* Compl. ¶ 7, Dkt. Entry No. 1. Pursuant to its rights under that agreement, Plaintiff contracted with various venues to broadcast the Event in exchange for a fee. *Id.* ¶ 11. Transmission of the Event was electronically coded or "scrambled," and for the signal to be received and telecast clearly, it had to be decoded with electronic coding equipment. *Id.* ¶ 12. Establishments that contracted with Plaintiff received electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event. *Id.* ¶ 14. Named Defendants did not purchase the rights to exhibit the Event but allegedly broadcast the Event to its patrons anyway. *Id.* ¶ 13.

Plaintiff filed the complaint against the Named Defendants and served the complaint at 88-18 Jamaica Avenue in Woodhaven, New York. *See* Summons, Dkt. Entry No. 4. In response, Carter & Associate Attorneys, PLLC appeared and filed the instant motion to dismiss. *See* Notice of Appearance, Dkt. Entry No. 5; Mot. to Dismiss, Dkt. Entry No. 6. The notice of appearance and motion were filed on behalf of a "Tropical Restaurant Bar" located at the same 88-18 Jamaica

---

[1] The facts taken from Plaintiff's Complaint are presumed to be true at this stage of the proceeding. *DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013) (internal citations omitted).

Avenue address, as well as on behalf of Pesantez; however, Answering Defendants contend that the corporate entity captioned as a defendant in the complaint, "88-18 Tropical Restaurant Corp." does not exist, and, therefore, the case should be dismissed. Def's. Br. at 2. Further, as to Pesantez; however, Answering Defendants contend that the complaint's allegation that Pesantez holds a pecuniary interest in the alleged violation is insufficient to state a cause of action for individual liability. Defs.' Br. at 4.

## DISCUSSION

I. <u>FAILURE TO STATE A CLAIM</u>

**A. Legal Standard**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted). On a Rule 12(b)(6) motion, the court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

**B. Defendants Fail to Contest the Plausibility or Sufficiency of the Allegations Under 12(b)(6)**

Except with respect to a challenge to the naming of the corporate entity at issue,

discussed below, Answering Defendants' arguments as to the sufficiency of the pleadings are cursory and without merit. The complaint alleges that Plaintiff held an exclusive license to sublicense and telecast the Event, and the only way Named Defendants could have broadcast the transmission without violating Section 605(a) would have been to contract with Plaintiff, which Named Defendants did not do, but exhibited the Event to their patrons on May 3, 2014 anyway. Compl. ¶¶ 7-19. Courts in this jurisdiction have consistently found that such allegations are sufficient to establish liability under Section 605(a). *See J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15-cv-6505 (NGG) (PK), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016) (collecting cases).

## II. LEAVE TO AMEND

### A. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend should be freely granted, but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002); *see also Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Issues regarding misnomer of a party often arise in the context of whether a plaintiff's amended pleadings "relate back" to the original pleading under Rule 15(c)(1)(c) in order to determine whether defective pleadings should be dismissed on statute of limitations grounds. In this context, in *Krupski v. Costa Crociere*, the Supreme Court held that the correct inquiry is not whether a plaintiff should have known that the proposed defendant was the proper party to be sued, but instead "whether [the proposed defendant] knew or should have known that it would have been named as a defendant but for an error." 560 U.S. 538, 548 (2010). By contrast, the requirements

of Rule 15 are not satisfied when "the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity." *Id.* at 552.

### B. Defendant's Argument is Insufficient Grounds for Dismissal

There is no doubt Plaintiff incorrectly named the corporate entity "88-18 Tropical Restaurant Corp." as a defendant in this case. In response to Answering Defendants' argument that "[t]he entity alleged in the caption of the complaint does not exist" (Defs.' Br. at 2), Plaintiff annexes a record from the New York Secretary of State's office that indicates that an "88-18 Tropical Restaurante Corp." operated at the address in question from 2011 until 2016. *See* Dkt. Entry No. 9-1. Plaintiff also annexes records that indicate a liquor license for this entity remains active. *See* Dkt. Entry No. 9-2. Based on the records provided by Plaintiff, it is readily apparent that the name of the correct corporation differs from the corporate defendant named in the caption by a single letter: "Restaurante" rather than "Restaurant."[2]

Answering Defendants argue that the "Tropical Restaurant Corp, named in the complaint was located in Manhattan and dissolved on October 26, 2011." *Id.* In support, Answering Defendants attach records from the New York Secretary of State's website regarding a "Tropical Restaurant Corp." that fits this description and ask the Court to take judicial notice of the same. *See* Dkt. Entry No. 6-2. Rather than the captioned entity, "88-18 Tropical Restaurant Corp.", Answering Defendants claim to represent an entity known as "Tropical Restaurant Bar" ("Answering Entity"), whose predecessor "Jamaica Tropical Deli Restaurant" previously operated in the same location, including at the time of the alleged unlawful broadcast. Defs.' Br. at 2.

---

[2] While the parties accuse each other of carelessness, neither side holds the high ground when it comes to accuracy. For example, the third of five short paragraphs of Answering Defendants' attorney's declaration in support of their Motion to Dismiss seems to refer to a completely unrelated case. *See* Dkt. Entry No. 6-3 ¶ 3.

5

It is implausible that Answering Defendants bear no relation to the "88-18 Tropical Restaurante Corp." that Plaintiff states it intended to name in the complaint. That entity was registered at the same address as the Answering Entity, which is also the address where service of process and the alleged unlawful broadcast occurred. While Answering Defendants claim Mr. Pesantez is not an officer of the captioned corporate entity (as it does not exist), they responded to the complaint on his behalf, and his name does appear on the liquor license of "88-18 Tropical Restaurante Corp.".

If there is any factual dispute, these questions should be resolved through a motion for summary judgment, after discovery is closed. What is not in dispute is that Plaintiff failed to properly name the correct corporate entity in this case. It also is not in dispute that Answering Defendants have responded on behalf of a corporation that controlled (or whose predecessor controlled) the location in question on the night of the alleged unlawful exhibition. This motion practice could have been avoided entirely if the parties had met and conferred regarding the correct entity to be sued rather than engaging in gamesmanship and finger pointing.

As it is clear that notice requirements were met and Answering Defendants were aware that they would have been named but for an error, and no prejudice has occurred as a result of the error, Plaintiff is granted leave to amend the caption, and the motion to dismiss as to "88-18 Tropical Restaurant Corp." is denied.

## III. <u>INDIVIDUAL LIABILITY</u>

### A. Legal Standard

Individual liability under the Federal Communications Act requires the complaint to establish that the individual had a "'right and ability to supervise' the violations, as well as an obvious and direct financial interest in the misconduct." *J&J Sports Prods. v. 291 Bar & Lounge*, 648 F.Supp.2d 469, 473 (E.D.N.Y. 2009) (quoting *Softel, Inc. v. Dragon Medical & Scientific*

6

*Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997)). In the context of unlicensed broadcasting of pay-per-view events, courts in this jurisdiction have held repeatedly that the mere presence of an individual defendant's name on a liquor license is insufficient to establish an "obvious and direct financial interest." *See J & J Sports Prods., Inc.*, 2016 WL 6905946, at *2–3 *quoting J & J Sports Prods., Inc. v. El Ojo Aqua Corp.*, No. 13-cv-6173 (ENV) (JO), 2014 WL 4700014 (E.D.N.Y. Aug. 29, 2014), *R&R adopted*, 2014 WL 4699704 (E.D.N.Y. Sept. 19, 2014) (finding that an allegation based on a liquor license neither suggests that an individual defendant "had anything to do with the decision to display the Event on [the establishment's] television screens," nor shows "that he had an obvious and direct financial interest in the exploitation of the Event.").

When courts in this jurisdiction have imposed vicarious liability under similar circumstances, the plaintiff typically had provided additional factual allegations as a showing of financial gain by the individual. *See, e.g., J & J Sports Prod., Inc. v. McAdam*, No. 14-cv-5461 (PKC) (CLP), 2015 WL 8483362, at *2 (E.D.N.Y. Dec. 9, 2015); *J & J Sports Prods., Inc. v. 1400 Forest Ave. Rest.*, No. 13-cv-04299 (FB) (VMS), 2014 WL 4467774, at *3 (E.D.N.Y. Sept 9, 2014) (alleging cover charge on night of unlawful broadcast); *see also J& J Sports Prods., Inc. v. Tellez*, No. 11-cv-2823 (SMG), 2011 WL 6371521, at *2 (E.D.N.Y. Dec. 20, 2011*)*; *J & J Sports Prods., Inc. v. Mangos Steakhouse & Bakery, Inc.*, No. 13-cv-5068 (RJD), 2014 WL 2879868, at *1 (E.D.N.Y. May 7, 2014), *R&R adopted*, 2014 WL 2879890 (E.D.N.Y. June 24, 2014) (alleging specific large numbers of patrons present for the unlawful broadcasts, at least some of whom, presumably, would have purchased alcoholic beverages.)

### B. Plaintiff Fails to Establish Sufficient Grounds for Individual Liability

Plaintiff's bare allegation that Pesantez had a "right and ability to supervise the infringing activities" (Compl. ¶ 16), is the type of "formulaic recitation of the elements of a cause of action" that the Supreme Court has warned is insufficient to establish a *prima facie* case. *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The parties argue about whether an allegation of Pesantez's physical presence is required for individual liability, but the Court need not reach that issue. The sole allegation in Plaintiff's complaint regarding Pesantez is that his name appears on a liquor license associated with the corporate entity named as a defendant. There is no specific allegation that would indicate profit to the holder of the liquor license during the alleged unlawful broadcast, such as an unusually large number of patrons or a cover charge. Therefore, this Court joins other courts in this jurisdiction in finding such allegations insufficient to establish individual liability.

## **CONCLUSION**

For the reasons stated above, Answering Defendants' motion to dismiss as to 88-18 Tropical Restaurant Corp. is denied. Plaintiff has until April 17, 2018 to amend the corporate entity named in its complaint. Answering Defendants' motion to dismiss as to Pesantez is granted.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge